# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| The Bank of New York Mellon, fka the Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-backed Certificates Series 2005-AB2,<br><br>    Plaintiff<br>v.<br><br>Manchester at Huntington Homeowners Association; SFR Investments Pool 1, LLC; and RMI Management LLC dba Red Rock Financial Services,<br><br>    Defendants<br><br>ALL OTHER CLAIMS | Case No. 2:16-cv-02175-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Cross-Motions for Summary Judgment**<br><br>[ECF Nos. 59, 60, 61] |

The Bank of New York Mellon brings this action to challenge the effect of the 2014 non-judicial foreclosure sale of a home on which it claims a deed of trust.[1] The bank sues the Manchester Huntington Homeowners Association (HOA), which conducted the foreclosure sale, the HOA's agent Red Rock Financial Services, and foreclosure-sale purchaser SFR Investments Pool 1, LLC, seeking a declaration either that the sale was invalid or that SFR purchased the property subject to the bank's security interest. The bank, SFR, and the HOA crossmove for summary judgment. I find on this record that the HOA is entitled to summary judgment on the bank's NRS 116.1113 breach claim and its theory that the HOA foreclosure-sale notice scheme was facially unconstitutional, but genuine issues of fact regarding the amount of the superpriority

---
[1] ECF No. 1.

lien and Red Rock's representations about the nature of the HOA lien it was foreclosing on preclude summary judgment in favor of any party on the quiet-title or wrongful-foreclosure claims. So I grant the HOA's motion in part, deny the others, and order the parties to a mandatory settlement conference with the magistrate judge.

**Factual and Procedural Background**

Levon Adjarian purchased the home at 648 Belsay Castle Court in Las Vegas, Nevada, in 2005 with a $378,800 loan from KB Home Mortgage Company, secured by a deed of trust that designated Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.[2] MERS assigned that deed of trust "together with the note" to the Bank of New York in July 2011.[3] The home is located in the Huntington Village common-interest community and subject to the declaration of covenants, conditions, and restrictions (CC&Rs) for the Manchester at Huntington Homeowners' Association.[4]

The Nevada Legislature gave homeowners' associations a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a non-judicial foreclosure procedure to enforce such a lien.[5] After the assessments on this home became delinquent, the HOA commenced non-judicial foreclosure proceedings on it under Chapter 116 on October 25, 2012.[6]

---

[2] ECF No. 61-1 at 2–3 (deed of trust).
[3] ECF No. 61-2 (assignment).
[4] ECF No. 61-3 (recorded HOA governing documents).
[5] Nev. Rev. Stat. § 116.3116; *SFR Investments Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).
[6] ECF No. 61-4 (notice of lien for delinquent assessments).

2

**A.    The HOA rejected the bank's tender and foreclosed on the property.**

When the bank's loan servicer, Bank of America, learned of the impending foreclosure, its counsel, the law firm of Miles, Bauer, Bergstrom & Winters, LLP, sent a letter to the HOA asking for "the HOA payoff ledger detailing the super-priority amount" of the HOA's lien "by providing a breakdown of nine (9) months of common HOA assessments in order for [Miles Bauer] to calculate the super priority amount."[7] That letter further took the position that the superpriority amount of the lien could consist of only nine months of assessments predating the notice of default; it did not acknowledge that the superpriorty portion of the lien also would include maintenance and nuisance-abatement charges.[8] Red Rock responded with a demand for $3,255.52 and a detailed "Accounting Ledger."[9] That ledger reflects that the account for this property became delinquent in September 2011, that the last payment made to the account before foreclosure was in January 2012, that the assessments were $35 per month until they increased to $40.65 in 2013, and that a $250 charge for "Abandoned Property Clean up" was assessed on June 18, 2012, and remained unpaid.[10] Though Miles Bauer tendered nine months of $40.65, for a total of $365.85 on April 5, 2013, in an effort to preserve the deed of trust,[11] the record does not reflect that Miles Bauer acknowledged—let alone tendered—the $250 "Abandoned Property Clean up" charge.

---

[7] ECF No. 61-6 at 9–10.
[8] *Id*.
[9] *Id*. at 13–23.
[10] *Id*. at 21.
[11] *Id*. at 26–30.

The tender was rejected,[12] and Red Rock eventually went forward with the foreclosure sale on the HOA's behalf. Red Rock sold the property to SFR on August 8, 2014, for $33,000.[13] The foreclosure deed recites that the HOA conveyed to SFR "all its right, title, and interest in and to" the property.[14] But the September 25, 2013, notice that Red Rock sent to the bank—and even to the HOA—stated that the lien it was foreclosing upon "is Junior only to the Senior Lender/Mortgage Holder."[15] Red Rock supervisor Julia Thompson states in her declaration attached to the bank's motion for summary judgment that those letters were "consistent" with Red Rock's belief at the time "that any HOA assessment lien enforcement to be conducted would [not] result in the termination of any first deed of trust holder's interest in the Property" and any such sale "was not a superpriority sale."[16]

**B.     The parties' claims**

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[17] The bank brings this action to save its deed of trust from extinguishment, pleading claims for quiet title, wrongful foreclosure, and breach of NRS 116.1113.[18] The breach and wrongful-foreclosure claims are conditional claims that seek

---

[12] *Id*. at 7.
[13] ECF No. 61-10 at 2 (foreclosure deed).
[14] *Id*.
[15] ECF No. 61-8.
[16] ECF No. 61-7 at 2–3.
[17] *SFR I*, 334 P.3d at 419.
[18] ECF No. 1.

4

damages only "[i]f it is determined" that the foreclosure wiped out the deed of trust.[19] SFR counterclaims and cross-claims for quiet title.[20] Red Rock and the HOA assert cross-claims against each other for indemnity, contribution, and breach of contract.[21] I find that the competing quiet-title claims are the type of claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—actions "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[22] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[23]

**C.     The competing summary-judgment motions**

Discovery has closed,[24] and the bank, SFR, and the HOA move for summary judgment. The bank offers three reasons why I must hold that the HOA foreclosure sale did not extinguish its deed of trust: (1) the $365.85 tender satisfied the superpriority portion of the lien, so under the

---

[19] *See id*. at ¶¶ 55, 63.

[20] ECF No. 21 (SFR's counterclaim/cross-claim). Although both the bank and SFR assert claims for declaratory and injunctive relief, declaratory and injunctive relief as pled here are remedies, not independent causes of action, so I treat those claims as prayed-for remedies for their quiet-title claims.

SFR's cross-claim includes claims against former homeowner Adjarian. Default was entered against Adjarian at SFR's request. ECF No. 58. Although SFR asks for summary judgment against Adjarian, *see* ECF No. 59 at 10, because default has already been entered, SFR's proper remedy, if any, would be to seek a default judgment, not summary judgment. So SFR's request for summary judgment against Adjarian is denied.

[21] ECF Nos. 19 (HOA), 23 (Red Rock).

[22] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[23] *Id*. at 1112.

[24] *See* ECF No. 54 (discovery deadline 1/16/19).

5

Nevada Supreme Court's ruling in *Bank of America v. SFR Investments Pool 1, LLC* (known as the *Diamond Spur* case),[25] SFR took the property subject to the deed of trust; (2) the HOA foreclosed only on the subpriority portion of the lien, so the deed of trust was unaffected; and (3) the sale must be set aside because the price was grossly inadequate and the sale was unfair and oppressive.[26] SFR argues that the recitals in the foreclosure deed are conclusive and presumed valid, and that the bank has no viable claim.[27] The HOA argues that the bank's claims fail because it did nothing wrong, the theory that Chapter 116's notice scheme violates the bank's due-process rights fails as a matter of law, and the HOA is not a proper party to the bank's quiet-title claim.[28]

## Discussion

**A.    Standards for cross-motions for summary judgment**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[29] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[30] If the moving party satisfies its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show a genuine issue of material fact for trial.[31]

---

[25] *Bank of Amer. v. SFR Invs. Pool 1, LLC* ("*Diamond Spur*"), 427 P.3d 113 (Nev. 2018).
[26] ECF No. 61.
[27] ECF No. 59.
[28] ECF No. 60.
[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).
[30] *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).
[31] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

Who bears the burden of proof on the factual issue in question is critical. When the party moving for summary judgment would bear the burden of proof at trial (typically the plaintiff), "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[32] Once the moving party establishes the absence of a genuine issue of fact on each issue material to its case, "the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense."[33] When instead the opposing party would have the burden of proof on a dispositive issue at trial, the moving party (typically the defendant) doesn't have to produce evidence to negate the opponent's claim; it merely has to point out the evidence that shows an absence of a genuine material factual issue.[34] The movant need only defeat one element of the claim to garner summary judgment on it because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[35]

**B.     The bank's motion for summary judgment [ECF No. 61]**

*1.     The bank has not established that it tendered the full superpriority amount.*

The bank has not shown that it is entitled to summary judgment based on Miles Bauer's $365.85 tender. In *Diamond Spur*, the Nevada Supreme Court held that the tender of the full superpriority portion of an HOA's lien "cure[s] the default," so "the HOA's foreclosure on the

---

[32] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992) (citation and quotations omitted)).

[33] *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir.1991) (citation omitted).

[34] *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990); *Celotex*, 477 U.S. at 323–24.

[35] *Celotex*, 477 U.S. at 322.

7

entire lien result[s] in a void sale as to the superpriority portion."[36] The net result of such a tender is that the "first deed of trust remain[s] after foreclosure" and the foreclosure-sale buyer purchases the property subject to the deed of trust.[37] The bank contends that nine months of assessments would have been $315, and by tendering $365.85—$50.85 more than the nine-month total—it satisfied the full superpriority amount.

But the superpriority piece of an HOA's lien has two components: "the last nine months of unpaid HOA dues *and maintenance and nuisance-abatement charges*."[38] The tender of the nine months' worth of assessments in *Diamond Spur* was sufficient to discharge that superpriority lien because "the HOA did not indicate that the property had any charges for maintenance or nuisance abatement."[39] But here, the HOA's account ledger, on which the bank relies, indicates that this property had such charges: an "Abandoned Property Clean up" charge of $250 assessed on June 18, 2012, which appears unpaid. Although the $50.85 overpayment on the nine-months of assessments would chip away at that charge, based on the record that the bank provides, it appears that nearly $200 of it remained due. This genuine issue of fact about whether there were charges for maintenance or nuisance abatement on this property precludes summary judgment in favor of any party.[40]

---

[36] *Diamond Spur*, 427 P.3d at 121.

[37] *Id*.

[38] *SFR I*, 334 P.3d at 411 (emphasis added).

[39] *Diamond Spur*, 427 P.3d at 118.

[40] SFR argues in its own motion that, by operation of *SFR I* and deed recitals, the deed of trust was extinguished. *See* ECF No. 59. But a valid tender of the full superpriority amount will trump those arguments. *See Diamond Spur*, 427 P.3d at 121.

8

### 2. *Issues of fact prevent summary judgment in favor of the bank on its theory that the HOA sold only the subpriority portion of the lien.*

The bank also claims that it is entitled to summary judgment in its favor because the HOA foreclosed on the subpriority portion of its lien only.[41] It points to letters issued to all lienholders by Red Rock in 2013, which state that "[t]he Association's Lien for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder."[42] It offers the declaration of Red Rock supervisor Julia Thompson, who explains that those letters were "consistent" with Red Rock's belief at the time "that any HOA assessment lien enforcement to be conducted would [not] result in the termination of any first deed of trust holder's interest in the Property" and any such sale "was not a superpriority sale."[43] This, the bank argues, demonstrates conclusively that the HOA foreclosed on the subpriority piece of the lien only, which could not have affected the deed of trust.

At best, these letters raise genuine issues about what the HOA was selling at the foreclosure sale. Nothing in the foreclosure notices themselves suggests that the HOA was only selling a subpriority lien. Indeed, the documents all reference a single lien.[44] And the foreclosure deed states that the HOA was conveying "all its right, title[,] and interest in and to that" property.[45] On this record, I cannot say that the HOA foreclosed only on the subpriority portion of its lien, so no party is entitled to summary judgment on this theory.

---

[41] ECF No. 61 at 6.

[42] ECF No. 61-8.

[43] ECF No. 61-7 at 2–3.

[44] *See, e.g.*, ECF Nos. 61-4, 61-5, and 61-9.

[45] ECF No. 61-10.

### *3. Genuine issues of fact surround the bank's <u>Shadow Canyon</u> theory.*

Finally, the bank contends that the sale of the property for 12% of its value, plus the rejected tender and HOA's representation through Red Rock that the foreclosure sale would have no impact on the mortgage-holder's interest, combine to compel the court to set aside the sale.[46] This price-plus-irregularities theory is grounded in the Nevada Supreme Court's holding in *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon* that, although inadequacy in price alone will not justify setting aside a foreclosure sale, "where the inadequacy of the price is great, a court may grant relief based on slight evidence of fraud, unfairness, or oppression" that affected the sale.[47] SFR argues that the price paid was adequate for this forced sale and, regardless, the bank has not shown that "that the sale was affected by fraud, unfairness, or oppression."[48] Although the bank has identified irregularities in the sale process, it has not shown that they impacted the sale. As the *Shadow Canyon* court explained, "if the district court closely scrutinizes the circumstances of the sale and finds no evidence that the sale was affected by fraud, unfairness, or oppression, then the sale cannot be set aside, regardless of the inadequacy of price."[49] So, the bank has not established that it is entitled to set aside the foreclosure sale based on a *Shadow Canyon* theory.

---

[46] ECF No. 61 at 7–8.

[47] *Nationstar Mortg. LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 646–47 (Nev. 2017).

[48] *Id*. at 651.

[49] *Id*. at 648–49.

In sum, the bank has not carried its burden to garner summary judgment in its favor on the quiet-title claims on any theory.[50] Accordingly, I deny the bank's motion for summary judgment.

**C.  The issues of fact surrounding the bank's quiet-title claims preclude summary judgment in SFR's favor [ECF No. 59].**

Though not conclusive enough to compel summary judgment in the bank's favor, the record does preclude me from entering summary judgment in favor of SFR. SFR argues that the foreclosure deed and its recitations are presumed valid, so the bank "bears the burden to prove that the HOA foreclosure sale and the resulting Foreclosure Deed are not valid."[51] This, SFR argues, the bank cannot do. But the bank has done enough to raise a genuine issue of fact to support its tender defense at a minimum. And as the *Diamond Spur* court held, "after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale on the entire lien is void as to the superpriority portion" as a matter of law.[52] With genuine issues surrounding the bank's quiet-title theories and defenses, SFR is not entitled to summary judgment on the quiet-title claims.

---

[50] For this reason, I need not—so do not—reach the other arguments in SFR's opposition.

[51] ECF No. 59 at 9.

[52] *Diamond Spur*, 427 P.3d at 121. The Nevada Supreme Court in *Shadow Wood Homeowners Association v. New York Community Bancorp*, 366 P.3d 1105, 1110–12 (Nev. 2016), also recognized that conclusive or presumptive recitals in deeds "do not defeat equitable relief in a proper case," and the HOA foreclosure statute "did not eliminate the equitable authority of the courts to consider quiet title actions when an HOA's foreclosure deed contains conclusive recitals."

11

**D. The HOA has demonstrated that it is entitled to summary judgment on the bank's facial-unconstitutionality quiet-title theory and breach-of-NRS 116.1113 claim [ECF No. 60].**

### *1. The HOA remains a proper party.*

The HOA contends that it is not a proper party to the bank's quiet-title claims because it is not claiming an interest in the property.[53] But one of the alternative remedies that the bank seeks is for the court to "void the HOA foreclosure sale."[54] And if the sale is voided, the HOA's lien (which was satisfied by the proceeds of the foreclosure sale) will likely be at issue again. So, I cannot conclude at this time that the HOA should not remain a proper party to the quiet-title claims.

### *2. The facial-unconstitutionality theory fails as a matter of law.*

Next, the HOA contends that it is entitled to summary judgment on the bank's quiet-title claim to the extent it is based on the theory that "Chapter 116 of the Nevada Revised Statutes' scheme of HOA super priority non-judicial foreclosure violates" the bank's "procedural due process rights . . . ."[55] For a couple of years, mortgage lenders caught in this foreclosure quagmire relied on a Ninth Circuit panel's 2016 ruling in *Bourne Valley Court Trust v. Wells Fargo Bank* that the version of Chapter 116 under which this foreclosure sale was conducted "facially violated mortgage lenders' constitutional due process rights."[56] But *Bourne Valley* assumed an interpretation of Chapter 116 that the Nevada Supreme Court has since rejected,[57]

---

[53] ECF No. 60 at 6–7.
[54] ECF No. 1 at 9, ¶ 41.
[55] *Id*. at 7, ¶ 34.
[56] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154, 1160 (9th Cir. 2016).
[57] *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

and the Ninth Circuit has expressly acknowledged that *Bourne Valley* is no longer good law.[58] It is now well-established that the version of Chapter 116 that existed at the time of this foreclosure sale did not violate mortgagees' due-process rights.[59] Indeed, the bank did not even offer an argument in response to SFR's motion on this point.[60] Because the portion of the bank's quiet-title claim based on this facial due-process-violation theory fails as a matter of law, I grant the HOA's motion for summary judgment in its favor on this theory.

### 3. *Issues of fact preclude summary judgment on the wrongful-foreclosure claim.*

The HOA then contends that it is entitled to summary judgment on the bank's wrongful-foreclosure claim because the prior homeowner was in default, the HOA never claimed to foreclose on the superpriority portion of its lien, and the foreclosure sale was performed to the letter of the law.[61] Although Nevada law has long held that a foundational element of wrongful foreclosure is a lack of default, the Ninth Circuit suggested in *In re MERS* that "tender to cure the default" may satisfy that element.[62] And if the bank can show that Miles Bauer tendered the full superpriority amount and that the HOA foreclosed on the full lien, the bank might succeed on its wrongful-foreclosure claim. Such a showing would also refute the HOA's claim that it fully complied with the law in this foreclosure sale. And although the HOA now takes the position that it did not foreclose on the superpriority portion of the lien, the record on this point is murky because the language in the notices and foreclosure deed don't carve out the

---

[58] *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019).

[59] *See id.* ("we conclude that Nev. Rev. Stat. § 116.3116 et seq. is not facially unconstitutional on the basis of an impermissible opt-in notice scheme.").

[60] *See* ECF No. 65.

[61] ECF No. 60 at 9–11.

[62] *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014).

superpriority piece. So, the HOA has not shown that it is entitled to summary judgment on the bank's wrongful-foreclosure claim.

### *4.  The HOA is entitled to summary judgment on the NRS 16.1113 breach claim.*

The HOA has demonstrated, however, that it is entitled to summary judgment on the bank's NRS 116.1113 breach claim. The HOA argues that this claim fails because the statute provides that "every contract or duty governed by [NRS 116.11136] imposes an obligation of good faith in its performance or enforcement," but the bank identifies no such contract.[63] In its opposition, the bank identifies no contract at all. Instead, it argues that courts have recognized that a rejecting the tender of the full superpriority portion of the HOA's lien is unfair and oppressive.[64] Although a rejected tender might qualify as unfair or oppressive conduct to give the bank a basis to set aside the sale under a *Shadow Canyon* quiet-title claim, it does not address the elements of this statutory-violation claim. By identifying no contract from which this claim can spring, the bank has failed to carry its burden. The HOA is therefore entitled to summary judgment on the bank's second cause of action.

## Conclusion

The net effect of these competing summary-judgment motions is that the bank's quiet-title theories are narrowed down by one: the facial due-process-violation theory will not be tried. And the HOA is also entitled to summary judgment on the bank's breach of NRS 116.1113 claim.

---

[63] ECF No. 60 at 11 (quoting NRS 116.1113, emphasis omitted).

[64] ECF No. 65 at 6.

14

IT IS THEREFORE ORDERED that Bank of New York Mellon's Motion for Summary Judgment against SFR Investments Pool 1, LLC **[ECF No. 61] is DENIED** based on genuine issues of fact;

IT IS FURTHER ORDERED that SFR Investments Pool 1, LLC's Motion for Summary Judgment **[ECF No. 59] is DENIED** based on genuine issues of fact; and

IT IS FURTHER ORDERED that Defendant Manchester at Huntington Homeowners' Association's Motion for Summary Judgment **[ECF No. 60] is GRANTED in part and DENIED in part: it is GRANTED as to the bank's facial due-process violation theory and its second cause of action (breach of NRS 116.1113) only and denied in all other respects.**

IT IS FURTHER ORDERED that **this case is referred to the magistrate judge for a mandatory settlement conference.** The parties' obligation to file their proposed joint pretrial order is tolled until ten days after the settlement conference.

Dated: September 20, 2019

_____
U.S. District Judge Jennifer A. Dorsey